AO 257 (Rev. 6/78)



| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

─── OFFENSE CHARGED ───

26 U.S.C. § 7206(1) – Making and Subscribing A False Tax Return, Statement, and Document (Two Counts)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: 3 years imprisonment,
1 year supervised release,
250,000 fine or twice the gain or loss,
$100 special assessment per count

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

─── DEFENDANT - U.S ───

▶ OLEG TINKOV,

DISTRICT COURT NUMBER

CR 19 489 · JST

─── DEFENDANT ───

─── PROCEEDING ───

Name of Complainant Agency, or Person (& Title, if any)

IRS

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   David L. Anderson

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Jose A. Olivera, AUSA

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

FILED
SEP 26 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction   ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:         Before Judge:

Comments:

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: Oakland

---

UNITED STATES OF AMERICA,

V.

OLEG TINKOV,
a/k/a Oleg Tinkoff,

**FILED**
SEP 26 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**CR 19 489 JST**

DEFENDANT.

---

INDICTMENT

---

26 U.S.C. § 7206(1) – Making and Subscribing A False Tax Return, Statement, and Document (Two Counts)

---

A true bill.

_____
Foreman

Filed in open court this __2c__ day of __SEPT 2019__

_____
Clerk

Bail, $ __NO BAIL WARRANT__   9/26/19

Kandis A. Westmore

DAVID L. ANDERSON (CABN 149604)
United States Attorney

**FILED**

SEP 26 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>OLEG TINKOV,<br>  a/k/a Oleg Tinkoff,<br><br>Defendant. | CASE NO. **CR 19 489** JST<br><br>VIOLATIONS:<br>26 U.S.C. § 7206(1) – Making and Subscribing A False Tax Return, Statement, and Document (Two Counts)<br><br>OAKLAND VENUE<br><br>UNDER SEAL |

## INDICTMENT

The Grand Jury charges:

At all times relevant to this indictment, unless otherwise indicated, and with all dates being approximate and all date ranges both approximate and inclusive:

1. Defendant OLEG TINKOV, also known as Oleg Tinkoff ("TINKOV"), became a naturalized U.S. citizen on September 10, 1996.

2. In 2013, Tinkoff Credit Systems Group Holding PLC was the holding company for Tinkoff Credit Systems (collectively "TCS"). TCS was headquartered in Russia, and was a branchless online bank that provided its customers with financial and bank services.

3. TINKOV was the founder of TCS and the beneficial owner of the majority of TCS shares.

///

INDICTMENT

4. Prior to October 25, 2013, TINKOV indirectly owned the majority of TCS shares through a structure of three British Virgin Islands ("BVI") entities as described below (collectively, the "BVI Structure").

5. On or about April 5, 2013, TINKOV became the 100% shareholder of Beckett Group Ltd., a BVI entity.

6. On or about May 28, 2013, Beckett Group Ltd. became the 100% shareholder of two other BVI entities: (1) Tadek Holding & Finance S.A. ("Tadek Holding"), and (2) Tasos Invest & Finance Inc. ("Tasos Invest").

7. Prior to TCS's initial public offering ("IPO") on October 25, 2013, more than 93 million TCS shares were held in the name of Tadek Holding, and more than 10 million TCS shares were held in the name of Tasos Invest. In total, these shares comprised more than 60% of all TCS's shares.

8. On October 25, 2013, TCS held its IPO on the London Stock Exchange. TCS's opening share price on October 25, 2013, was $17.50 per share. On October 25, 2013, as part of TCS's IPO, TINKOV sold and caused to be sold more than 11 million TCS shares that he indirectly owned and controlled through Tadek Holding and Tasos Invest., which generated more than $199 million in gross proceeds.

9. After the IPO, TINKOV continued to control and indirectly own more than 92 million TCS shares through the BVI Structure, which represented over 50% of the total issued TCS share capital and approximately 91% of the total number of votes among TCS shareholders.

10. As of October 27, 2013, TINKOV's 100% ownership of the BVI Structure, and the TCS shares that TINKOV controlled and beneficially owned through the BVI Structure, had a fair market value of more than $1 billion.

11. On or about October 28, 2013, TINKOV expatriated from the United States by renouncing his U.S. citizenship before a diplomatic and consular officer of the United States.

12. The term "expatriate" means any United States citizen who relinquishes his citizenship.

13. The term "covered expatriate" means, among other things, an expatriate who has a net worth of $2 million or more as of the date of his expatriation.

///

14. Under United States' tax laws, all property of a covered expatriate, with some exceptions not relevant here, shall be treated as sold on the day before the expatriate's expatriation date for its fair market value (the "constructive sale"). Any gain arising from that constructive sale shall be taken into account for the taxable year of the sale.

15. The Internal Revenue Service ("IRS") is an agency of the United States Department of the Treasury and is responsible for administering and enforcing the United States' tax laws.

COUNT ONE:   (26 U.S.C. § 7206(1) – Willfully Making and Subscribing a False Tax Return)

16. Paragraphs 1 through 15 are incorporated and realleged as if fully set forth here.

17. On or about April 15, 2014, in the Northern District of California, and elsewhere, the defendant,

> OLEG TINKOV,
> a/k/a Oleg Tinkoff,

did willfully make and subscribe a Form 1040, U.S. Individual Income Tax Return, for the calendar year 2013 (the "2013 tax return"), which was verified by a written declaration that it was made under the penalties of perjury, and which defendant TINKOV knew was not true and correct as to every material matter. The 2013 tax return, which was prepared, signed, and which TINKOV caused to be prepared and signed, in the Northern District of California and was filed with the IRS (1) falsely reported on Line 22 that TINKOV's total income was $205,317; and (2) fraudulently represented that to the best of TINKOV's knowledge and belief, the tax return was true, correct, and complete, whereas TINKOV knew and believed (1) his income was greater than $205,317; and (2) his 2013 tax return did not include any gain and income arising from the constructive sale of his property related to his expatriation on October 28, 2013, in violation of Title 26, United States Code, Section 7206(1).

///
///
///
///
///

1 | COUNT TWO: (26 U.S.C. § 7206(1) –Making and Subscribing A False Document or Statement)

18. Paragraphs 1 through 15 are incorporated and realleged as if fully set forth here.

19. On or about April 15, 2014, in the Northern District of California, and elsewhere, the defendant,

OLEG TINKOV,
a/k/a Oleg Tinkoff,

did willfully make and subscribe a Form 8854, Initial and Annual Expatriation Statement, for the calendar year 2013 (the "Expatriation Statement"), which was verified by a written declaration that it was made under penalties of perjury and which defendant TINKOV knew was not true and correct as to every material matter. The Expatriation Statement, which was prepared, signed, and which TINKOV caused to be prepared and signed, in the Northern District of California and was filed with the IRS, (1) falsely reported on Part IV, Section A, Line 2, that TINKOV's net worth as of his expatriation date was $300,000; (2) fraudulently failed to report any property in Part IV, Section B; and (3) falsely stated that to the best of TINKOV's knowledge and belief, the Expatriation Statement was true, correct, and complete, whereas TINKOV knew and believed his net worth as of his expatriation date was greater than $300,000, and that he was required to list property and report information related to such property on the Expatriation Statement, in violation of Title 26, United States Code, Section 7206(1).

DATED: 9/26/19

A TRUE BILL.

_____
FOREPERSON
Oakland

DAVID L. ANDERSON
United States Attorney

_____
JOSE A. OLIVERA
Assistant United States Attorney
CHRISTOPHER STRAUSS
Trial Attorney
United States Department of Justice, Tax Division

INDICTMENT                                    4