Pages 1 - 14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jon S. Tigar, Judge

| | |
|---|---|
| UNITED STATES OF AMERICA, )| |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | **NO. CR 19-00489-JST** |
| ) | |
| OLEG TINKOV, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Oakland, California
Friday, October 29, 2021

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:

        OFFICE OF THE UNITED STATES ATTORNEY
        1301 Clay Street
        Oakland, CA  94612
    BY:  **MICHELLE KANE**
        **ASSISTANT UNITED STATES ATTORNEY**

For Defendant:

        CLIFFORD CHANCE US LLP
        31 West 52nd Street
        New York, NY 10019
    BY:  **CHRISTOPHER J. MORVILLO, ESQUIRE**
        **IVANA DJAK, ESQUIRE**

        RAMSEY & EHRLICH LLP
        803 Hearst Avenue
        Berkeley, CA 94710
    BY:  **ISMAIL RAMSEY, ESQUIRE**

Reported By:  Pamela Batalo-Hebel, CSR No. 3953, RMR, FCRR
           Official Reporter

**APPEARANCES CONTINUED:**

For Defendant:
                        MORVILLO ABRAMOWITZ GRAND IASON
                        ANELLO P.C.
                        565 Fifth Avenue
                        New York, NY 10017
                  **BY:**  **JEREMY TEMKIN, ESQUIRE**

Also Present:              **KYLE POLLACK,**
                        **UNITED STATES PROBATION OFFICER**

| | |
|---|---|
| 1 | **<u>Friday - October 29, 2021</u>**                              **<u>9:36 a.m.</u>** |

2                     **P R O C E E D I N G S**

3                          **---oOo---**

4          **THE CLERK:**  Your Honor, now calling CR 19-489, United

5    States vs. Oleg Tinkov.

6        If counsel could please state their appearances, for the

7    record, starting with the government.

8          **MS. KANE:**  Good morning, Your Honor.  Michelle Kane

9    for the United States.  Also appearing for the United States is

10   Peter Anthony of the Tax Division.  I don't think he's been

11   promoted yet, if you see him there.  Thank you so much.

12         **MR. MORVILLO:**  Good morning, Your Honor.  Christopher

13   Morvillo for Mr. Tinkov, who is seated beside me here in

14   London.  With me on video here for Mr. Tinkov is Ivana Djak,

15   Isie Ramsey, and Jeremy Temkin.

16         **THE PROBATION OFFICER:**  Good morning, Your Honor.

17   Kyle Pollak for U.S. Probation.

18         **THE COURT:**  Very good.  Good morning to all of you.

19   This is a continuation of a sentencing that we started

20   previously.  Let me start by asking Mr. Morvillo whether

21   Mr. Tinkov consents to proceed by video this morning?

22         **MR. MORVILLO:**  He does, Your Honor.

23         **THE COURT:**  We are going to proceed by video.  It's in

24   the interests of justice that we do that, for two reasons.  The

25   first is that the COVID-19 pandemic is still ongoing and it is

1    still resulting in hospitalizations and fatalities and it is

2    simply not possible for the Court to conduct the majority of

3    its business in person without unnecessary risk to the parties,

4    their lawyers, the Court, court staff, and the general public.

5         Also Mr. Tinkov is located in London, as we will discuss

6    in just a moment.  He is gravely ill.  He is contesting

7    extradition on that basis, and so in its current posture, the

8    Court -- it was unable to conduct this proceeding in person, so

9    for both of those reasons, I find that it's in the interests of

10   justice to proceed by video, and that's what we're going to do.

11        We did make something of a record last time already about

12   the parties' Plea Agreement and Mr. Tinkov's circumstances.

13   What I would like to do this morning is give counsel for the

14   Government an opportunity to say anything further that they

15   want -- well, let me back up -- for me to place on the record

16   what materials I reviewed in connection with this morning's

17   hearing so that there is a clear record of those, to give the

18   Government an opportunity to say anything additional that it

19   wants, to give Defense counsel an opportunity to say anything

20   additional they want, to give Mr. Tinkov one last opportunity

21   to address the Court, to determine whether to accept the

22   parties' Plea Agreement pursuant to Rule 11(c)(1)(C), and

23   assuming that I accept the agreement, to then impose sentence.

24        So first things first.  I have reviewed again the Plea

25   Agreement, the Sentencing Memorandum submitted by the

1   United States, the Sentencing Memorandum more recently

2   submitted by the Defendant, and the modified Presentence Report

3   submitted by Probation that I requested at the last hearing of

4   the case.  I'm ready to proceed this morning.

5       Ms. Kane, would the Government like to say anything

6   further in support of its recommended disposition?

7           **MS. KANE:**  Thank you, Your Honor.

8       I would just reiterate that this is an incredibly unique

9   circumstance in this particular case given the characteristics

10  of the Defendant as has been described in the papers submitted

11  to the Court, and that given those unique circumstances, we do

12  urge the Court to accept the Plea Agreement that the parties

13  have proposed.

14          **THE COURT:**  Very good.

15      Mr. Morvillo, anything further on behalf of the Defendant?

16          **MR. MORVILLO:**  Yes, Your Honor.  I would like to

17  speak, if I might.

18      Mr. Tinkov, first of all, as the Court may be aware, is

19  suffering from Graft-Vs-Host Disease which affects his eyes,

20  and it's hard for him to look at the screen.  He's also not

21  feeling particularly well today, and so my understanding is

22  that he would like me to speak on his behalf as well, and so

23  I'm going to do that as well.

24          **THE COURT:**  That's fine.

25          **MR. MORVILLO:**  Thank you, Your Honor.

1    At the time of the plea a few weeks ago, Your Honor

2    observed that the requested leniency in this case due to

3    Mr. Tinkov's medical condition exceeds the record supporting

4    such requests in all other cases the Court has previously

5    encountered, and I have to say that in my 30 years of practice,

6    I fully share that sentiment.  In fact, it is somewhat ironic

7    that I probably have far more to say in connection with this

8    sentencing than any other that I have appeared for in my

9    career, but under circumstances which so clearly speak for

10   themselves, less is probably warranted, and so in that spirit,

11   I will be appropriately brief.

12   For most people, fighting acute myeloid leukemia would be

13   the greatest challenge of a lifetime and more than many could

14   handle, but as this Court is aware, since February of 2020,

15   Oleg has been facing the charges in this case, and as this

16   Court certainly knows, in any circumstance, confronting an

17   indictment is an extremely difficult and stressful challenge.

18   Indeed, short of a terminal illness, it is one of the most

19   harrowing and stressful experiences that a person can face.

20   Mr. Tinkov, of course, faced both of these life-altering

21   challenges simultaneously, and, frankly, it's nothing short of

22   a miracle that he is sitting before the Court here today

23   awaiting Your Honor's judgment.

24   The fact that he is here today tells you more about this

25   man that I have the words to convey, but I will try to

summarize it for you very briefly.

The man that I've gotten to know over the past 18 months or so is perhaps counterintuitively one of the most optimistic people that I have ever met.  Throughout this entire horrific period, there has always been a vibrant light of hope that has emanated from Oleg.  I think that is very likely the result of the daily conversation that he has with his own mortality that makes him appreciate every day and every moment, to find joy in life's simple pleasures and the quiet time with his loving and supportive family, which is lovingly reflected in the letters before the Court.

Following the plea a few weeks ago, Oleg and I took a walk in a park in London, and I asked him how he felt now that his case was nearing this resolution, and he said something to me that I will never forget.  He said that he feels like a bird in a cage who is afraid to fly out even though the door has been opened.  And as I reflected on that rather poetic simile, it is apparent to me that in part, it is due to the fact that he's been living in a cage within a cage, and while the door from this case may soon by open, the door to freedom from his cancer is still years away.

Nevertheless, while the end of his battle with cancer is far from over, Oleg lives his life now day to day, one day at a time.  I know how relieved he is to be standing here at the conclusion of this epic challenge.  He is extremely grateful to

the Government to finally resolve this case as it has and to
the Court for its compassionate response to our application for
leniency here.

He is also very sorry for the conduct that led to this
case, and with that, I would simply implore the Court based on
these circumstances to accept the parties' agreement and impose
the requested sentence.

**THE COURT:**  Thank you, Mr. Morvillo.

And I gather from your remarks, that although normally I
would ask Mr. Tinkov if he wants to allocute, that you have now
spoken on his behalf; is that correct?

**THE DEFENDANT:**  Your Honor, I can just say I'm very
sorry.

**THE COURT:**  Thank you, Mr. Tinkov.

Well, I am required to first consider the sentencing
guidelines and then to consider the factors set forth under
Section 3553(a).

I start by agreeing with and adopting the sentencing
guidelines calculations set forth in the parties' Plea
Agreement.  Mr. Tinkov's total adjusted offense level is 29.
According to the modified Presentence Report, the Defendant has
no criminal history, and I'm not aware of any other information
on that topic, and so I therefore place him in Criminal History
Category 1, which produces a guidelines range of between 87 and
109 months.

1    Pursuant to the Plea Agreement submitted in conformity

2    with the Federal Rules of Civil Procedure -- excuse me -- with

3    Federal Rule of Civil Procedure 11(c)(1)(C), the United States

4    and Defendant are jointly requesting a sentence of time served,

5    a fine of $250,000, and one year of supervised release to be

6    served outside the United States.

7        In the Plea Agreement, Mr. Tinkov has also agreed to pay

8    no less than $506,828,377.  This includes 448,009 -- excuse

9    me -- $448,957,108 in restitution comprised of $248,525,339 in

10   taxes, statutory interest on that tax, and nearly $100 million

11   fraud penalty.

12       He has also agreed to pay tax liabilities, interest, and

13   additional penalties for other years that he acknowledges that

14   he owes.

15       He has already satisfied his monetary obligations under

16   the Plea Agreement by previously paying prior to this hearing

17   to the United States $508,954,076.

18       The Probation Office has not provided a sentencing

19   recommendation.  I didn't ask them for one.

20       I have considered the sentencing guidelines, but I've also

21   considered the factors set forth in Title 18 United States Code

22   Section 3553(a).  That statute sets forth several factors that

23   I must consider in determining a just sentence:  The nature and

24   circumstances of the offense, and the Defendant's history and

25   characteristics, the purposes of sentencing, the kinds of

sentences available, the guidelines range for sentences, any
pertinent policy statements, and the need to avoid unwanted
sentencing disparities.

Of particular relevance here are the nature and
circumstances of the offense and the Defendant's history and
characteristics.

The offense is obviously quite serious.  It's a financial
crime of extraordinary magnitude.  That's the character of the
offense itself, but I want to make two findings.

First, I find that the offense was aberrant behavior for
this defendant.  In light of the magnitude of the crime, that
by itself would not be sufficient for the Court not to impose a
custodial sentence.

Second, and much more importantly, however, I find that a
non-custodial sentence is appropriate in light of the
Defendant's grave medical condition.  Mr. Tinkov is located in
the United Kingdom where he was arrested on February 26th of
last year.  The United States sought extradition to the
United States, which Mr. Tinkov fought on medical grounds and
which to this date the United States has not been successful in
obtaining.

In late 2019, Mr. Tinkov had been diagnosed with acute
myeloid leukemia, which is a form of blood cancer.  After a
stem cell transplant in late 2020, he developed chronic
Graft-Vs-Host Disease, GVHD, which requires that he take

medications that substantially compromise his immune system. His body is essentially fighting with itself.

In July 2021, Mr. Tinkov was examined by experts retained by both Mr. Tinkov and the United Kingdom authorities who were representing the interests of United States law enforcement in the extradition proceeding.  Those experts estimated -- excuse me -- those experts concluded that Mr. Tinkov's one- and two-year survival rate was very low.  They estimated that Mr. Tinkov has a 30- to 40-percent chance of surviving one year, a 30- to 35-percent chance of surviving two years, and a 10- to 30-percent chance of surviving five years.

They also concluded, including the Crown's expert, that Mr. Tinkov is highly susceptible to life-threatening infections complicated by the ongoing COVID-19 pandemic, which was ongoing at the time of Mr. Tinkov's examination and which continues to be ongoing as of the date of this sentencing.

As of July of this year, the experts agreed that it would be at least one year before it would be medically safe for Mr. Tinkov to travel to the United States for this case and that he might never be able to do so.

In light of these facts, two conclusions emerge.  First, in light of the Defendant's medical condition, it is not clear when a contested criminal proceeding in the United States could take place, if it ever could.  The parties' proposed Plea Agreement solves that problem.  I don't think that

consideration fits neatly within the 3553(a) factors, but it seems appropriate for the Court to consider it in determining whether to accept the Plea Agreement.

Second, even if Mr. Tinkov were within the territorial boundaries of the United States or waived extradition, this Court would not impose a custodial sentence because on the undisputed information that has been made available to the Court, including expert opinions provided by persons retained at least indirectly by the United States, Mr. Tinkov would be more likely than not to die in prison, regardless of the length of a custodial sentence that the Court were to impose.  This is without doubt a very serious case, but it does not merit a life sentence.

Accordingly, the Court accepts the parties' Plea Agreement pursuant to Rule 11(c)(1)(C), and I will now impose sentence.

Pursuant to the Sentencing Reform Act of 1984, Mr. Tinkov, it is my judgment that you are hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of time served.  That means you've already served your sentence.

You shall be placed on supervised release for a term of one year.  Supervision shall occur outside the United States.

While you are on supervised release, you shall not commit another federal, state, or local crime; you shall comply with the standard conditions that have been adopted by this Court, except that the mandatory drug testing provision is suspended;

1   and you shall comply with the following additional conditions,

2   many of which you have already satisfied.

3       One, you must pay any fine, restitution, and special

4   assessment that is imposed by this judgment.

5       It is further ordered that you pay the United States a

6   special assessment of $100.

7       Payments shall be made to the Clerk of the United States

8   District Court at an address that the Probation Office can give

9   you.

10       I further order that you pay the United States a lump sum

11   fine in the amount of $250,000.  The fine payments shall be

12   made to the Clerk of the United States District Court.

13       I further order that you shall pay restitution to the

14   Internal -- there is a typographical error, I think, in the

15   Probation report.  Hold on.  Shall pay restitution to the

16   Internal Revenue Service, IRS/RACS, Attention Mail Stop 6261,

17   Restitution, 333 West Pershing Avenue, Kansas City, Missouri,

18   64108, in the lump sum amount of $ 448,957,108.  The

19   restitution payments shall be made to the Clerk of the

20   United States District Court.

21       Mr. Tinkov, that concludes the imposition of the Court's

22   sentence.  I want to wish you the very best of luck, and I hope

23   you prevail over these diseases.

24       Does anyone have anything further for the record this

25   morning?

1      **MS. KANE:**  No, Your Honor.  Thank you.

2      Oh, I'm sorry.  I do.  The United states dismisses the

3  remaining counts of the Indictment.

4      **THE COURT:**  Thank you.  The docket shall reflect that

5  dismissal.

6      Mr. Morvillo, anything further on behalf of the Defendant?

7      **MR. MORVILLO:**  No, Your Honor, other than just to

8  express his gratitude again to the Court and to the Government

9  for the way this case was resolved and handled.

10     **THE COURT:**  Very good.  Thank you all.

11     **MR. MORVILLO:**  Thank you.

12     **MS. KANE:**  Thank you, Your Honor.

13          (Proceedings adjourned at 9:53 a.m.)

1

2

3                    <u>CERTIFICATE OF REPORTER</u>

4          I certify that the foregoing is a correct transcript

5    from the record of proceedings in the above-entitled matter.

6

7    DATE:    Monday, January 3, 2022

8

9    *Pamela Batalo Hebel*

     _____
10   Pamela Batalo Hebel, CSR No. 3593, RMR, FCRR
     U.S. Court Reporter
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25